IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **CATHERINE McFALL**, <br><br> Plaintiff, <br><br> v. <br><br> **FERRELL SCRUGGS, JR. d/b/a THE SCRUGGS COMPANY, and STEVE MURRAY**, <br><br> Defendants. | Civil Action No. 7:11-CV-53 (HL) |

## ORDER

Before the Court is the Motion for Summary Judgment filed by Defendants Ferrell Scruggs d/b/a The Scruggs Company and Steve Murray. (Doc. 26.) For the reasons stated more fully below, the Motion is granted.

### I.   FACTUAL BACKGROUND

This case involves allegations of discrimination and harassment brought by Plaintiff Catherine McFall ("Plaintiff"), an African-American woman, against Defendants Ferrell Scruggs d/b/a The Scruggs Company ("Scruggs") and Steve Murray ("Murray") under Title VII.

Plaintiff formerly worked as a truck driver for a highway construction business, The Scruggs Company. (Doc. 26-1, Defendants' Statement of Material

Facts ("DSMF")[1] ¶¶ 1, 3.) The Scruggs Company, incorporated in 1965, performs site contracting work, operates several permanent asphalt plants, two sand plant operations, and operates a fleet of tractor-trailer trucks. (DSMF ¶3.) Ferrell Scruggs, Jr. serves as the CEO and CFO of The Scruggs Company, a position which he has held for several years. (DSMF ¶ 4.) Steve Murray was the Trucking Department Manager at The Scruggs Company from 2007-2009. (DSMF ¶ 5.)

Plaintiff was employed as a truck driver for The Scruggs Company from May 4, 2007 through April 2, 2009. (DSMF ¶ 14.) In her Complaint, Plaintiff alleges that she was repeatedly harassed by Joe Eunice ("Eunice"), a co-worker at The Scruggs Company. (*See* Complaint, Doc. 1.) Plaintiff claims that Eunice addressed Plaintiff in a derogatory way, repeatedly making race-specific and gender-specific comments. As an example of a race-specific comment, Plaintiff claims that in 2007, Eunice wrapped his arm around her and stated "I like Oreos in my milk." (DSMF ¶19(a); Complaint ¶ 10.) Later that year, Eunice told Plaintiff to "kiss my white ass" during a dispute. (DSMF ¶ 19(b); Complaint ¶ 12.) The allegations of gender-specific harassment are more numerous, with Plaintiff alleging eleven specific instances when Eunice inappropriately addressed Plaintiff. (DSMF ¶ 21.) Plaintiff alleges that Eunice called her "Ms. Shit", "bitch",

---

[1] According to Local Rule 56, "[a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. L.R. 56. In this case, Plaintiff did not respond to Defendants' Statement of Material Facts, and thus, Defendants' assertions of fact are deemed admitted by Plaintiff.

and "whore", calling Plaintiff these names in person and over his personal CB radio. (DSMF ¶¶ 21, 22.) Plaintiff cites other incidents when Eunice addressed her in degrading or disturbing ways. (DSMF ¶¶ 21(a) – 21(k).)

Plaintiff alleges that she complained to Steve Murray about Eunice in November 2007. (DSMF ¶ 23.) Approximately seventeen months later, Plaintiff was terminated from her job. (DSMF ¶ 23.) Plaintiff claims that the reason for her termination was discrimination; however, Defendants claim that there was a legitimate reason for her termination, namely, that Plaintiff's performance was poor. (DSMF ¶¶ 23, 24.) In support, Defendants cite to Plaintiff's driving record at The Scruggs Company, which includes two Employee Warning Notices and a complaint made by a person following Plaintiff as she drove on the highway. (DSMF ¶¶ 24(b), 24(d).) Defendants claim that Plaintiff's "unsafe driving" record was the reason for her termination. (DSMF ¶ 24(g).)

After her termination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (DSMF ¶7.) The Charge was signed by Plaintiff on November 27, 2009 and was received by the EEOC on December 2, 2009. (DSMF ¶ 7; *see also* Doc. 27-9.) According to the Charge, the last act of discrimination took place on April 2, 2009, the date Plaintiff was terminated by The Scruggs Company. (DSMF ¶ 7; *see also* Doc. 27-9.) Plaintiff filed this lawsuit on April 25, 2011.

II.   **STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

When considering a motion for summary judgment, the court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party. Id. at 354-55. The court may not, however, make credibility determinations or weigh the evidence. Id. at 255; *see also* Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097 (2000).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of a material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986) (internal quotation marks omitted). If the moving party meets this burden, the burden shifts to the

4

nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the nonmoving party is not entitled to judgment as a matter of law. Id. at 324-26. This evidence must consist of more than mere conclusory allegations. *See* Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Under this framework, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### III.  ANALYSIS

In this case, it is not necessary to address the merits of Plaintiff's claim because the proper defendants have not been named. It is well established that the proper defendant in a Title VII case is the plaintiff's employer, not individual employees. Cross v. State of Ala., State Dep't of Mental Health, 49 F.3d 1490, 1504 (11th Cir. 1995). In Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991), the Eleventh Circuit stated that "[i]ndividual capacity suits under Title VII are … inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." The only proper individual defendants in a Title VII action are supervisory employees in their capacity as agents of the employer. Hinson v. Clinch Cnty., Georgia Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000) (citing Busby, 931 F.2d at 772)).

In this case, Plaintiff has named Steve Murray and Ferrell Scruggs, Jr. d/b/a The Scruggs Company as Defendants. Steve Murray is an individual, and therefore, is not a proper defendant to this Title VII action. Ferrell Scruggs, Jr. d/b/a The Scruggs Company is also an individual, not a proper defendant. The Scruggs Company is a Georgia Corporation and Scruggs simply acts as the CEO and CFO. (DSMF ¶¶ 1, 4.) There is no evidence that Scruggs himself employed any individuals or acted as an agent of The Scruggs Company. Without a proper defendant, this case cannot move forward.

It is also worth noting that Plaintiff's counsel, Ms. Betty Lanier, should have been aware of the deficiencies in the Complaint. Defendants included in the Scheduling and Discovery Order the following statement: "Defendant further contends that Plaintiff was employed by The Scruggs Company, a Georgia Corporation, and that Ferrell Scruggs, Jr. is an improper party." (Doc. 20.) This should have alerted Ms. Lanier that there was a problem with the named defendants.

IV. **CONCLUSION**

Defendants' Motion for Summary Judgment is granted based on the Plaintiff's failure to name a proper defendant. Ms. Betty Lanier, counsel for Plaintiff, has been largely unresponsive throughout this litigation, culminating with her decision not to respond to Defendants' Motion for Summary Judgment, giving Plaintiff very little chance to succeed in her case. Ms. Lanier is directed by order of this Court to provide her client a copy of this Order, and she is further directed

to file a written notice with the Court no later than July 6, 2012, signed by herself and her client, acknowledging that the Order has been given to her client.

    **SO ORDERED**, this 22nd day of June, 2012.

                                      *__s/ Hugh Lawson__*
                                      HUGH LAWSON, SENIOR JUDGE

ebr